## PARSONS *v.* DISTRICT OF COLUMBIA.

PLEADING; VARIANCE; AMENDMENT.

1. Where, in an action against the District of Columbia by a contractor who had contracted to erect, and had erected, a building under a contract providing that the District should supply the stone for the building, the declaration alleges that the defendant had agreed that the stone should be delivered at stated intervals as the building progressed, and that the defendant had failed to deliver the stone as stipulated, and the proof shows that the contract contained no provision fixing any limitation of time within which the defendant was to furnish the stone, although it does show a separate contract between the defendant and a materialman whereby the latter was to furnish the stone within a period limited by that contract,—the variance between the declaration and the proof is fatal to the right of the plaintiff to recover, and the trial court properly directs a verdict for the defendant. (Citing *Parsons* v. *District of Columbia,* 35 App. D. C. 326.)

2. Where a contractor with the District of Columbia for the erection of a public building, under a contract which provided that the District of Columbia should furnish the stone for the building, alleged in his declaration, in an action against the District to recover damages for delay in furnishing the stone, that under the contract the stone was to be delivered within sixteen months, while the proof showed that no time was fixed by the contract for the delivery of the stone, this court stated that it was not apparent that the declaration could

be so amended as to cure the variance, inasmuch as no time was contracted for, and the cause of action relied upon related solely to the time of the delivery of the stone.

No. 2356.   Submitted February 7, 1912.   Decided March 4, 1912.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court, in an action to recover damages for breach of contract.                          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit for damages for an alleged breach of contract. Appellant, James L. Parsons, plaintiff below, filed a declaration in two counts,—the first in assumpsit, and the second in covenant.   He alleged in substance that he entered into a contract with the District of Columbia to erect the new municipal building in the city of Washington, on or before November 1, 1907.   He alleges that the District agreed to furnish all the cut stone for the building, as follows: "All stone for basement and sub-basement stories in four months; all stone for first story in six months; all stone for second story in eight month; all stone for fourth story within thirteen months, and all remaining stone within sixteen months."   It is alleged that the District failed to deliver the stone as stipulated, and plaintiff was delayed at great expense in the completion of the building; hence this action.

To the declaration defendant pleaded (1) to the second count, the defense that the specifications made part of the contract stated that the District had contracted with one Williams for the furnishing of the cut stone; that plaintiff had notice before entering into the contract, that the specifications for said stone, which had been made part of the Williams contract, could be obtained from the supervisor of construction, and that the failure to deliver the stone within the time specified was the failure of Williams, and not of the District.   Defendant also interposed the following pleas: (2) to both counts estop-

pel; (3) to the first count nonassumpsit; (4) to the second count performance; (5) to the second count satisfaction and discharge; and (6) to the second count *non est factum.*

Plaintiff joined issue on the third and sixth pleas, and demurred to the others. On hearing, the demurrer was overruled, and the case proceeded to trial. Upon the conclusion of plaintiff's testimony, counsel moved the court to instruct the jury to return a verdict for defendant. Before the court ruled upon the motion, counsel for plaintiff asked leave to amend his declaration. This request was denied, and the motion granted. From the judgment on the verdict so returned, this appeal is prosecuted.

*Mr. John Ridout* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. P. H. Marshall,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It developed in the course of plaintiff's testimony that his contract with the District contained no provision fixing any limitation of time within which the District was to furnish the stone. Neither does it appear that the Williams contract in that particular was made a part of plaintiff's contract. In a former appeal, 35 App. D. C. 326, we held that the declaration on its face stated a cause of action. If, as alleged, the District had contracted to furnish the stone within sixteen months, and had failed, and plaintiff had been damaged thereby, and had in no way estopped himself, he would undoubtedly have had an action for damages accruing out of the breach of the contract. But that is not the case disclosed by the evidence. The provision in the contract with Williams, by which he was to deliver all the stone within a period of sixteen months, had no relation to plaintiff's contract. In fact, the only relation between the two contracts was that plaintiff was to use the stone furnished by the District, which was the same stone

Williams had contracted to furnish the District. If the District was to be bound to plaintiff for the delivery of the stone within the limit of time fixed in the Williams contract, it would have been easy to have put into plaintiff's contract a clause that would have so obligated the District. But this was not done, and, whatever the hardship may be to plaintiff, we are powerless to supply the defect.

The variance between the allegations of the declaration and the evidence is fatal to the right of recovery. Neither is it apparent that the declaration could be so amended as to cure the defect. Plaintiff's action rests upon the failure of the District to deliver the stone within a given time, and the delay caused plaintiff by such failure. Inasmuch as no time was contracted for, it is difficult, in the light of the evidence, to understand how an allegation could be framed that would support a suit for damages for a breach of the conditions of the contract, when the cause of action relied upon relates solely to the time of the delivery of the stone.

It is unnecessary to consider the other grounds advanced by counsel for the District in support of the verdict and judgment, some of which seem decisive, since this disposes of the appeal. The judgment is affirmed, with costs, and it is so ordered.                                         *Affirmed.*